NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| SEBASTIAN CANO-FRANCISCO; ARDANY ERIKSON CANO-FRANCISCO, <br><br> Petitioners, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 17-73270 <br><br> Agency Nos.   A208-260-778 <br>               A208-260-779 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 5, 2022**
Seattle, Washington

Before: CLIFTON and BUMATAY, Circuit Judges, and CHEN,*** District Judge.

Petitioner Sebastian Cano-Francisco, a native of Guatemala with his minor

son attached as a derivative beneficiary under 8 U.S.C. § 1158(b)(3)(A), petitions

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*    The Honorable Edward M. Chen, United States District Judge for the Northern District of California, sitting by designation.

for review of the Board of Immigration Appeals' (BIA) decision affirming the immigration judge's (IJ) denial of his application for asylum, withholding of removal, and deferral of removal under the Convention Against Torture (CAT) as well as dismissing his denial-of-due-process claim. We have jurisdiction pursuant to 8 U.S.C. § 1252. Because the parties are familiar with the facts, we recite only those necessary to our decision. We deny the petition.

First, we conclude that substantial evidence supported the agency's finding that Cano-Francisco was ineligible for asylum because he did not establish that he suffered harm rising to the level of past persecution or had a well-founded fear of future persecution. As Cano-Francisco declares in his opening brief, "[t]he gravamen of the claim for asylum is that [he] left Guatemala because [he] became fearful of several gang members who lingered around [his] home."

Cano-Francisco's claim that substantial evidence did not support the agency's finding of no past persecution is undermined by the fact that he conceded that the gang members never physically harmed him or his son and never even threatened to do so. *Cf. Gu v. Gonzales*, 454 F.3d 1014, 1017-18, 1021 (9th Cir. 2006) (ruling that substantial evidence supported the agency's finding of no past persecution despite the applicant having been beaten, detained for three days, and subjected to a two-hour interrogation on account of his unsanctioned religious practice); *Prasad v. INS*, 47 F.3d 336, 339 (9th Cir. 1995) (ruling that substantial

evidence supported the agency's finding of no past persecution despite the applicant having been jailed for four to six hours during which, "[a]t some point, [he] was hit on his stomach and kicked from behind"). Rather, the gang members merely "stopped" Cano-Francisco outside his apartment. In light of Cano-Francisco's own concessions and our case law, the record does not compel an outcome contrary to that reached by the agency—that the past harm that Cano-Francisco experienced was not of such severity as to rise to the level of persecution. *See Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc).

Likewise, the record conflicts with Cano-Francisco's argument that substantial evidence did not support the agency's finding that he failed to establish a well-founded fear of future persecution. He conceded that he did not know the gang members personally and merely feared that they would kill him and his son based on his general allegation that they killed "an old man with a knife." The record as a whole does not compel the agency to consider his fear of the gang members killing him and his son to be objectively reasonable, as required to establish a well-founded fear of future persecution. *See Parada v. Sessions*, 902 F.3d 901, 909 (9th Cir. 2018) (defining a "well-founded fear of future persecution" as both subjectively genuine and objectively reasonable).

Finally, we agree with the BIA's conclusion that Cano-Francisco "did not show that the [gang members] are either aligned with the government or that the Guatemalan government is unable or unwilling to control [them]" as required to establish persecution, notwithstanding the country conditions report that observed that considerable generalized gang violence exists in Guatemala. For these reasons, his asylum claim fails.

Having failed to meet the lower burden of proof required for establishing persecution in the asylum context, Cano-Francisco's claim for withholding of removal also fails. *See Davila v. Barr*, 968 F.3d 1136, 1142 (9th Cir. 2020) (observing that "[a]n applicant who fails to satisfy the lower [persecution] standard for asylum necessarily fails to satisfy the more demanding standard for withholding of removal [requiring] a clear probability that the petitioner's life or freedom would be threatened in the proposed country of removal" (quotation marks and citations omitted)).

Second, we conclude that substantial evidence supported the agency's finding that Cano-Francisco failed to establish eligibility for CAT protection based on the agency's finding that he did not show that it was more probable than not that he would face torture if removed to Guatemala. *See Lalayan v. Garland*, 4 F.4th 822, 839-40 (9th Cir. 2021) ("We review for substantial evidence the BIA's determination that [the applicant] is not eligible for protection under CAT."

4

(quotation marks and citation omitted)). For the same reasons that the record does not compel the conclusion that the purported harm rises to the level of *persecution*, the record does not compel the conclusion that the purported harm rises to the higher level of *torture* and, in turn, his CAT claim fails. *See Nuru v. Gonzales*, 404 F.3d 1207, 1224 (9th Cir. 2005) (defining torture as "more severe than persecution").

Third, we deny Cano-Francisco's denial-of-due process claim. Despite its concession that a finding of prejudice is required to succeed on a denial-of-due-process claim, his opening brief fails to discuss any record evidence that could support a finding of prejudice. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (ruling that "[i]ssues raised in a brief that [we]re not supported by argument" are "deemed abandoned"); *see also Gomez-Velazco v. Sessions*, 879 F.3d 989, 993 (9th Cir. 2018) ("As a general rule, an individual may obtain relief for a due process violation only if he shows that the violation caused him prejudice, meaning the violation potentially affected the outcome of the immigration proceeding."). Rather, his opening brief merely restates conclusory assertions first made in his briefing before the BIA that "'better translation would have made a difference in the outcome of the hearing'" then claims, without sufficient citations to supporting record evidence, that "a due process violation

exists." That does not establish the prejudice that is required for the due process claim.

**PETITION FOR REVIEW DENIED.**